**FILED**

SEP - 7 2010

Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF COLUMBIA

AYANNA BLUE,                                    )
4431 5th Street NW                              )
Washington, DC 20005                            )
                                                )
            Plaintiff,                          )
                                                )
      v.                                        )
                                                )
DISTRICT OF COLUMBIA PUBLIC                     )
SCHOOLS and MICHELLE RHEE, in her              )
capacity as Chancellor,                         )
1200 First Street NE                            )
Washington, DC 20002                            )
                                                )
and ROBERT WEISMILLER,                          )
103 10th Street                                 )
Ocean City, MD 21842                            )
                                                )
            Defendants.                         )
                                                )

Case: 1:10-cv-01504
Assigned To : Roberts, Richard W.
Assign. Date : 9/7/2010
Description: Civil Rights-Non. employ

### COMPLAINT AND JURY DEMAND

Plaintiff Ayanna Blue, by and through undersigned counsel, hereby asserts her complaint

against Defendants District of Columbia Public Schools ("DCPS" or the "District"), Chancellor

Michelle Rhee, and Robert Weismiller, and alleges as follows:

### NATURE OF THE ACTION

1.      This action arises out of a sexual relationship between former DCPS teacher,

Robert Weismiller, and his student, Ayanna Blue.  For more than five months during the 2008-

2009 school year, Weismiller engaged in a sexual relationship with Plaintiff that involved many

sexual encounters, both in his classroom and outside of school grounds.  The relationship

ultimately resulted in Plaintiff's pregnancy and the birth of her daughter.

2.     DCPS officials and staff have acknowledged that they were aware of the relationship between Weismiller and Plaintiff, yet the District did nothing to stop the sexual encounters.  Weismiller did not even receive a reprimand, and he was not terminated for cause.

3.     Plaintiff seeks monetary damages as follows:  against DCPS and Rhee for negligent supervision of Weismiller and negligent hiring/retention of Weismiller; against all Defendants for intentional infliction of emotional distress; against all Defendants for breach of fiduciary duty; against all Defendants for violations of 42 U.S.C. § 1983; and against DCPS for violations of 20 U.S.C. § 1681 *et seq.*, also known as Title IX of the Education Act Amendments of 1972 ("Title IX").

## PARTIES

4.     Plaintiff Ayanna Blue is an individual who resides in Washington, D.C.

5.     Defendant DCPS is a public school district that provides educational services to students residing within its boundaries.  Its central office is located at 1200 First Street NE, Washington, DC 20002.

6.     Defendant Michelle Rhee is named in this action in her capacity as the Chancellor of DCPS.

7.     Defendant Robert Weismiller is an individual and a former DCPS teacher, most recently at the Transition Academy at Shadd, 5601 East Capitol Street SE, Washington, DC 20019.  Upon information and belief, Weismiller currently resides in Ocean City, Maryland.

## JURISDICTION AND VENUE

8.     This Court has personal jurisdiction over Plaintiff and Defendants DCPS and Rhee under D.C. Code. § 13-422 on the basis of their domicile in the District of Columbia.  This Court has personal jurisdiction over Defendant Weismiller under D.C. Code § 13-423(a)(3)

because he caused tortious injury in the District of Columbia by an act or omission in the District of Columbia, namely, engaging in a sexual relationship in his District of Columbia classroom with Plaintiff.

9.      This Court has subject matter jurisdiction over Plaintiff's claims under 42 U.S.C. § 1983 and Title IX pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1343(a)(3).  This Court has subject matter jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367(a).

10.     Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) because Plaintiff resides in the District of Columbia, the DCPS is located there, and the events giving rise to Plaintiff's claim occurred in the District of Columbia.

11.     The District of Columbia received notice of the circumstances giving rise to the claims herein, as required by D.C. Code § 12-309, pursuant to an investigative report completed by DCPS's Division of School Security on August 21, 2009.  As a courtesy, Plaintiff additionally gave the District of Columbia notice of this lawsuit in a May 13, 2010 letter.

## FACTUAL ALLEGATIONS

### Weismiller's Sexual Relationship With Plaintiff

12.     Ayanna Blue is a 20-year-old special education student who attends DCPS.  She was only 18 when the events described herein occurred.  At all times relevant, she was a student at the Transition Academy at Shadd ("Shadd").  Shadd is a school for students who have been identified by the DCPS as "emotionally disturbed."

13.     Robert Weismiller is a 58-year old former DCPS teacher who was Plaintiff's teacher at Shadd at the beginning of the 2008-09 school year.  Upon information and belief, he was terminated at DCPS as part of a system-wide reduction in force in October 2009.

3

14.     Plaintiff first met Weismiller when she was a student in his class.   Upon information and belief, Weismiller initiated a conversation with Plaintiff in September or October 2008 by stating, "If I were 30 years younger, I would marry you."  Throughout the fall of 2008, Weismiller winked at Plaintiff in class and kissed her on numerous occasions.

15.     Weismiller, knowing that Plaintiff relied on him for emotional support, also gave Plaintiff his personal phone number.

16.     Plaintiff's mother, with whom she lived at all times relevant, observed Weismiller's phone number on her caller ID system numerous times from December 2008 through May 2009.

17.     Plaintiff typically went to Weismiller's classroom during his lunch period, from 12:20 p.m. to 1 p.m.

18.     Weismiller initiated a sexual relationship with Plaintiff on or about November 19, 2008.  He drove her home from school, and the two had sexual intercourse in his car.

19.     The sexual relationship continued through April 2009, with numerous incidents occurring in Weismiller's classroom during the lunch period, in his car, and at Plaintiff's home.

20.     During that time, Plaintiff became pregnant with her daughter, who was born on November 28, 2009.

21.     Plaintiff, her daughter, and Weismiller have taken paternity tests, and the results are positive, indicating 99.99% probability that Weismiller is the baby's father.

22.     Upon information and belief, Weismiller has had inappropriate relationships with other students in the past.

**DCPS's Investigation**

23.     In May 2009, only after learning that Plaintiff was pregnant, did the DCPS initiate an investigation into the sexual relationship between Weismiller and Plaintiff.  Every witness who was interviewed by the DCPS stated either that they had seen Plaintiff and Weismiller alone together in his classroom, or had heard rumors that the two were having a sexual relationship.

24.     For example, Reginold Parker, an educational aide at Shadd, said he had seen Plaintiff in Weismiller's classroom as many as three to four times per day.  He said Plaintiff would enter the classroom when Parker left to take the other students to lunch.  He told the DCPS that his "personal opinion was that he would not let a young, female ED [emotionally disturbed] student spend that much time alone with a man who was not her counselor."

25.     Stephanie Jackson, a teacher at Shadd, said Plaintiff spent her lunch period in Weismiller's classroom "almost every day" and that Plaintiff would return at the end of the school day and leave shortly after Weismiller.

26.     Teacher Denise Edmonds heard as early as January or February 2009 that Weismiller and Plaintiff were having a sexual relationship.  In order to investigate these rumors, Edmonds entered Weismiller's classroom during lunch on at least two occasions and saw both Plaintiff and Weismiller in the room.

27.     Weismiller's classroom aide, Tiaire Hairston, reported hearing rumors that Weismiller and Plaintiff were having a sexual relationship.  He told DCPS that he instructed Weismiller not to allow Plaintiff in his classroom in Hairston's presence because of those rumors.

28.     Clinical psychologist Trawick Lindsay also reported that Plaintiff would "frequently visit" Weismiller's classroom, and that he had observed Plaintiff there during the lunch period, with the lights off.

29.     Plaintiff herself reported to school personnel in December 2008 that she believed she was pregnant.  Shadd personnel sent her to the health office, which administered a pregnancy test that came back negative.

30.     Despite these first-hand accounts, DCPS, at the close of its investigation, acquitted Weismiller of any misconduct.  Specifically, DCPS found Weismiller not liable for "grave misconduct in office" and not liable for "other failure of good behavior during duty hours which is of such a nature that it causes discredit to the employee's agency or employment."

**Plaintiff's Current Situation**

31.     Plaintiff continues to suffer emotionally and financially as a result of Weismiller's sexual relationship with her.

32.     As a result of Weismiller's conduct, Plaintiff had a baby as a teenager, before she was ready to care for a child emotionally and financially.

33.     Plaintiff has been forced to move out of her mother's house, and she currently resides at a short-term transitional living program in the District of Columbia.  Plaintiff is uncertain where she will go next, and she fears homelessness.

34.     Plaintiff is not financially able to support her child or to pay for suitable housing.

35.     Plaintiff has started twelfth grade at Shadd for a second time.  She was unable to complete the required credits last year due to time taken off for the birth of her daughter. Plaintiff must place her daughter in daycare while she is in school.

36.     Weismiller continues to call Plaintiff on the telephone.

**DCPS's Mismanagement of Shadd**

37.     Both DCPS high-ranking officials and outside experts have characterized Shadd as a failure, where students are inadequately supervised and subject to injury.

38.     Clarence Sundram, one of the world's top experts in the treatment of the disabled, has said Shadd is a "disaster" that "bespeaks a lack of planning."

39.     Rhee's chief of staff, Lisa Ruda, has called Shadd an "extreme disappointment" because Rhee's team did not hire enough staff, there were not sufficient textbooks, and there was not even a school nurse when the school first opened.

40.     DCPS Deputy Chancellor for Special Education Richard Nyankori has said that Shadd should be closed in the future and that students characterized as emotionally disturbed should return to their neighborhood schools.

41.     A special education consultant, Monique Bass, has said there are frequent outbreaks of violence, where students have hurled chairs and fire extinguishers at each other, causing some students to go to the hospital.  Bass said Shadd suffers from uncertified teachers, inadequate classroom staffing, lack of control in the classroom, and lack of psychological services, which make the school "unsafe for any student, and a breeding ground for lawsuits."

42.     D.C. Councilwoman Mary Cheh, D-Ward 3, has called on Rhee to give a public explanation for the failures at Shadd.

## FIRST CLAIM FOR RELIEF
### (Negligent Supervision Against Defendants DCPS and Rhee)

43.     Plaintiff hereby incorporates paragraphs 1 through 42 of this Complaint.

44.     DCPS and Rhee owe a duty of care to DCPS students to properly supervise DCPS employees, including Weismiller.

45.     DCPS and Rhee breached this duty to Plaintiff by permitting Weismiller to have contact with Plaintiff and by leaving Weismiller alone with Plaintiff during his lunch period and allowing him to drive her home after school.

46.     DCPS and Rhee knew or should have known about Weismiller's sexual relationship with Plaintiff because seven people interviewed by DCPS in the course of investigating his conduct were aware of the relationship.

47.     DCPS and Rhee additionally knew or should have known about Weismiller's sexual relationship with Plaintiff because Plaintiff told the District in December 2008 that she believed she was pregnant.  DCPS administered a pregnancy test at that time.

48.     DCPS's and Rhee's breach enabled Weismiller to behave in an inappropriate manner by having sex with Plaintiff in his classroom, his car, and off school property.

49.     Plaintiff has been injured by DCPS's and Rhee's breach in that she became pregnant and gave birth to Weismiller's child.  DCPS's and Rhee's conduct caused Plaintiff severe emotional and financial distress in that she has been forced out of her former residence and into a transitional living facility, and she now fears homelessness.

### SECOND CLAIM FOR RELIEF
### (Negligent Hiring/Retention Against Defendants DCPS and Rhee)

50.     Plaintiff hereby incorporates paragraphs 1 through 49 of this Complaint.

51.     DCPS and Rhee owe a duty of care to hire and retain employees who are fit to teach special education students.

52.     DCPS and Rhee breached this duty to Plaintiff by hiring and/or retaining Weismiller, when they knew or should have known that Weismiller had engaged in inappropriate relationships with students in the past.

53.     DCPS's and Rhee's breach enabled Weismiller to have an inappropriate sexual relationship with Plaintiff.

54.     Plaintiff has been injured by DCPS's and Rhee's breach in that she became pregnant and gave birth to Weismiller's child.  DCPS's and Rhee's conduct caused Plaintiff severe emotional and financial distress in that she has been forced out of her former residence and into a transitional living facility, and she now fears homelessness.

### THRID CLAIM FOR RELIEF
### (Intentional Infliction of Emotional Distress Against All Defendants)

55.     Plaintiff hereby incorporates paragraphs 1 through 54 of this Complaint.

### Claim Against DCPS and Rhee

56.     DCPS and Rhee engaged in extreme and outrageous conduct by failing to stop the sexual relationship between Weismiller and Plaintiff.

57.     DCPS and Rhee acted intentionally or recklessly by failing to stop the relationship, despite the fact that seven people interviewed by the District in the course of investigating Weismiller's conduct were aware of his sexual relationship with Plaintiff.

58.     DCPS and Rhee further acted intentionally or recklessly because they failed to stop the relationship until May 2009, despite administering a pregnancy test to Plaintiff in December 2008.

59.     DCPS's and Rhee's conduct caused Plaintiff severe emotional distress in that she has been forced out of her former residence and into a transitional living facility, and she now fears homelessness.

### Claim Against Weismiller

60.     Weismiller engaged in extreme and outrageous conduct by engaging in a sexual relationship with Plaintiff, his student, both in his classroom and outside of school grounds.

61.     Weismiller intentionally engaged in sexual conduct with Plaintiff while knowing that she suffered from an emotional disturbance disability. Weismiller additionally knew that Plaintiff relied on him for emotional support and advice.

62.     Weismiller's conduct caused Plaintiff severe emotional distress in that she has been forced out of her former residence and into a transitional living facility, and she now fears homelessness.

## FOURTH CLAIM FOR RELIEF
### (Breach of Fiduciary Duty Against All Defendants)

63.     Plaintiff hereby incorporates paragraphs 1 through 62 of this Complaint.

## Claim Against DCPS and Rhee

64.     DCPS and Rhee owed Plaintiff a fiduciary duty because Plaintiff placed a special confidence in DCPS to provide for her special education needs.

65.     DCPS and Rhee breached this duty by hiring Weismiller, when they knew or should have known that Weismiller had engaged in inappropriate relationships with students in the past.

66.     DCPS and Rhee also breached this duty by failing to supervise Weismiller, thereby allowing him to engage in a sexual relationship with Plaintiff.

67.     Plaintiff has been injured by DCPS's and Rhee's breach in that she became pregnant and gave birth to Weismiller's child. She also suffers severe emotional and financial distress in that she has been forced out of her former residence and into a transitional living facility, and she now fears homelessness.

10

**Claim Against Weismiller**

68.    Weismiller owes Plaintiff a fiduciary duty because of the special trust and confidence she placed in him, as her special education teacher, to provide sound advice and counseling.

69.    Weismiller breached this duty by engaging in a sexual relationship with Plaintiff.

70.    Plaintiff has been injured by Weismiller's breach in that she became pregnant and gave birth to Weismiller's child.  She also suffers severe emotional and financial distress in that she has been forced out of her former residence and into a transitional living facility, and she now fears homelessness.

**FIFTH CLAIM FOR RELIEF**
**(Violation of 42 U.S.C. § 1983 Against All Defendants)**

71.    Plaintiff hereby incorporates paragraphs 1 through 70 of this Complaint.

**Claim Against DCPS**

72.    DCPS has a custom, policy or practice of responding inappropriately to allegations of sexual misconduct that injures female students, as shown by the District's failure to protect Plaintiff, failure to take an adverse employment action against Weismiller in the face of widespread allegations of sexual misconduct, and failure to timely acknowledge reports from teachers and staff of a suspected sexual relationship.

73.    DCPS has a custom, policy or practice of inappropriately handling special education students, as demonstrated by the many failures at Shadd, including fighting in the hallways and numerous statements by DCPS officials that the school is a disaster and should be closed.

74.     DCPS's customs, policies or practices have violated Plaintiff's rights under the Due Process Clause of the Fourteenth Amendment to be free from conduct that violates her bodily integrity.

75.     DCPS's customs, policies and practices also have violated Plaintiff's rights under the Equal Protection clause of the Fourteenth Amendment to be free from discrimination on the basis of her sex.

**Claim Against Rhee**

76.     Chancellor Rhee had a duty to instruct Weismiller not to engage in a sexual relationship with his students.

77.     Rhee knew about the allegations of sexual misconduct against Weismiller based on rumors, the fact that teachers and staff had seen Weismiller and Plaintiff alone together in his classroom, and the fact that Plaintiff took a pregnancy test in the school's health office in December 2008.

78.     Rhee failed to take available measures to address the risk of harm to Plaintiff, demonstrating an intent to violate her rights under the Due Process Clause of the Fourteenth Amendment to be free from conduct that violates her bodily integrity.

79.     Rhee's conduct also violated Plaintiff's rights under the Equal Protection clause of the Fourteenth Amendment to be free from discrimination on the basis of her sex.

**Claim Against Weismiller**

80.     Weismiller, as Plaintiff's teacher, was acting under the color of District law when he engaged in a sexual relationship with her.

81.     Weismiller's sexual relationship with Plaintiff violated her rights under the Due Process Clause of the Fourteenth Amendment to be free from conduct that violates her bodily integrity.

82.     Weismiller's conduct also violated Plaintiff's rights under the Equal Protection clause of the Fourteenth Amendment to be free from discrimination on the basis of her sex.

### SIXTH CLAIM FOR RELIEF
### (Violation of Title IX (20 U.S.C. § 1681 *et seq.*) Against Defendant DCPS)

83.     Plaintiff hereby incorporates paragraphs 1 through 82 of this Complaint.

84.     DCPS had actual knowledge of Weismiller's sexual relationship with Plaintiff, as shown by the pregnancy test she took at the school's request in December 2008 and through interviews of teachers and staff who had seen Weismiller and Plaintiff alone together in his classroom.

85.     DCPS, by failing to stop the sexual relationship before Plaintiff became pregnant and by failing to discipline Weismiller after conducting a formal investigation, exhibited deliberate indifference toward Plaintiff.

86.     DCPS's conduct denied Plaintiff the benefits of and subjected her to discrimination on the basis of her sex under an educational program that receives federal financial assistance.

## REQUEST FOR RELIEF

WHEREFORE, Plaintiff seeks judgment as follows:

a.      That judgment be entered in favor of Plaintiff and against DCPS, Rhee, and

Weismiller for compensatory damages;

b.      For an award of punitive damages against all Defendants in connection with the

intentional infliction of emotional distress, breach of fiduciary duty, and 42 U.S.C. § 1983

claims;

c.      For an award of costs incurred in prosecuting this action; and

d.      For such other and further relief as the Court deems just and proper.

## JURY REQUEST

Plaintiff hereby requests trial by jury.

Dated: September 7, 2010                    Respectfully submitted,

By:_____
        Scott D. Gilbert, D.C. Bar No. 290932
        Natalie A. Baughman (*pro hac vice* pending)
        Andrea K. Hopkins, D.C. Bar No. 991494
        Brian Weinthal, D.C. Bar No. 491291
        Stephen A. Weisbrod, D.C. Bar No. 439152
        **GILBERT LLP**
        1100 New York Ave. NW, Suite 700
        Washington, DC 20005
        Telephone:  (202) 772-2200
        Facsimile:  (202) 772-3333

        *Attorneys for Petitioner Ayanna Blue*

14